UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN MITTEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTY OF COOK d/b/a COOK | ) | |
| COUNTY MEDICAL EXAMINER, | ) | |
| | ) | ***Trial By Jury Demanded*** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Kathleen Mittel, for her Complaint against Defendant, the County of Cook d/b/a Cook County Medical Examiner, states as follows:

### I.    INTRODUCTION

1. Plaintiff, Kathleen Mittel, brings this Complaint against her employer, Defendant, County of Cook d/b/a Cook County Medical Examiner ("Defendant"), for its discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.*, and the Illinois Human Rights Act, 775 ILCS § 5/2-102, *et. seq.*, when: (a) Defendant failed to promote Mittel to a position of Toxicologist IV and chose a younger, less qualified employee, for the position and (b) Defendant suspended Mittel in retaliation for a grievance filed by Mittel's union on her behalf. Mittel demands a trial by jury for all claims alleged herein.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over Mittel's claims arising under the ADEA, 29 U.S.C. § 626, pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Mittel's claims under the Illinois Human Rights Act ("IHRA") pursuant to 28 U.S.C. § 1367(a).

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all of the acts complained of took place within the territorial boundaries of this district and division in the State of Illinois.

4. All jurisdictional prerequisites to the filing of this Complaint have been satisfied. The Complaint was timely filed within 90 days of the Equal Employment Opportunity Commission's ("EEOC") issuance of a Notice of Right to Sue to Mittel. A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit 1.

5. Plaintiff has timely, fully, and completely exhausted all administrative remedies and prerequisites prior to the filing of this lawsuit.

### III. PARTIES

6. Plaintiff, Kathleen Mittel ("Mittel"), resides in Cook County, Illinois and, at all times relevant hereto, has been employed by Defendant in the Cook County Medical Exainer's office in the position of Toxicologist II. Mittel is fifty (50) years old.

7. Defendant, County of Cook ("Defendant"), is a unit of local government and operates the Cook County Medical Examiner office employing more than twenty (20) individuals. The Cook County Medical Examiner's main office is located in the City of Chicago, County of Cook, Illinois. During all times relevant hereto, Defendant has been Mittel's employer as that term is defined under the ADEA and IHRA.

### COUNT I

### FAILURE TO PROMOTE/SELECT – ADEA, 29 U.S.C. § 623

8. Mittel began working as a Toxicologist for Defendant in February 1985. In or about the early 1990's, Mittel was promoted to the position of Toxicologist II.

9. Mittel's job duties in the position of Toxicologist II include, but are not necessarily limited to, performing extractions on forensic samples, conducting analysis on such samples, performing unscheduled maintenance when certain instruments breakdown, performing stat and routine alcohol and carbon monoxide testing, storing and disposing of tissues, and performing other tests when required.

10. Mittel has met or exceeded Defendant's legitimate expectations in the position of Toxicologist II.

11. Mittel has received extensive training and developed certain expertise during her tenure as a Toxicologist. Mittel has authored and co-authored numerous publications related to forensic science and toxicology work and is one of the most experienced Toxicologists employed at the Cook County Medical Exmainer's office. Mittel has lectured at the University of Illinois at Chicago. Mittel has testified on numerous occasions in cases related to the work of the Cook County Medical Examiner's office.

12. During her tenure as a Toxicologist II, Mittel has trained several co-workers in gas chromatography and mass spectronomy.

13. At various times between 2004 and 2008, Mittel was designated to perform that duties of Chief Toxicologist, Toxicologist V, and/or Assistant Chief Toxicologist, Toxicologist IV, when the individuals in these positions were not available.

14. In or about October 2008, Mittel was appointed as Lab Supervisor to perform the duties of Acting Chief Toxicologist and Acting Assistant Chief Toxicologist of the Cook County Medical Examiner's Toxicology Department. The positions of Chief Toxicologist, Toxicologist V, and Assistant Chief Toxicologist, Toxicologist IV, were vacant. Mittel was appointed as

Acting Lab Supervisor until such time that a permanent Chief Toxicologist and/or Assistant Chief Toxicologist would be hired.

15. In the position of Lab Supervisor, Mittel satisfactorily performed all of the duties and responsibilities of the Chief Toxicologist (Toxicologist V) and Assistant Chief Toxicologist (Toxicologist IV), as well as the duties and responsibilities of her Toxicologist II position.

16. On or about November 10, 2008, Defendant posted a "Notice of Job Opportunity" for the hiring of a permanent Toxicologist IV, or Assistant Lab Supervisor. The "Notice of Job Opportunity" listed the following as one of the "minimum qualifications" for the position:

> Graduation from an accredited college or university at the graduate school Ph.D. level in chemistry, biology, biochemistry, or related field in lieu of years of work experience.

A true and correct copy of the "Notice of Job Opportunity" is attached hereto as <u>Exhibit 2</u>.

17. Mittel submitted an application to be selected to the vacant Toxicologist IV position. Mittel submitted all of the required materials in support of her application within all guidelines under the "Notice of Job Opportunity" attached as <u>Exhibit 2</u>.

18. Having performed the duties of Chief Toxicologist and Assistant Chief Toxicologist, and having gained extensive experience during her more than 25 years of work in the Toxicology Department, Mittel was the most qualified applicant for the Toxicologist IV position.

19. Mittel was not interviewed for the Toxicologist IV position by Defendant in violation of Defendant's own policies and rules regarding position selection. Mittel was not selected for the vacancy

20. Instead, in or about December 2008 or January 2009, the "Notice of Job Opportunity" for the vacant Toxicologist IV position was re-posted. Under the re-posted Notice,

- 4 -

the "minimum qualifications" no longer indicated that a candidate with a Ph.D. would be considered "in lieu of years of work experience." Rather, the Notice indicated that a Ph.D. was now one of the minimum qualifications for the position.

21. During 2009, Mittel continued to perform the job duties of a Toxicologist IV and Toxicologist V and expressed her desire to be promoted to the vacation Toxicologist IV position to one of the selecting officials, Dr. Nancy Jones, Chief Medical Examiner.

22. Dr. Jones expressed her desire to have "fresh blood" in the vacant Toxicologist IV position.

23. On October 20, 2009, Mittel's union filed a grievance on her behalf demanding that Mittel be compensated for performing the duties of a Toxicologist IV and Toxicologist V. While performing these duties from in or about October 2008 through January 2010, Mittel was still compensated at the level of a Toxicologist II.

24. In or about the Fall 2009 or Winter 2010, Peter Koin ("Koin") was selected for the vacant Toxicologist IV position. Mittel was informed of the selection of Koin to fill the Toxicologist IV position on or about January 14, 2010.

25. At the time of his selection, on information and belief, Koin was under forty (40) years of age and did not possess a Ph.D.

26. Defendant discriminated against Mittel based on her age and treated Mittel differently from similarly situated younger individuals in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et. seq.*, by failing to select and promote Mittel to the position of Toxicologist IV and instead selecting a younger and less qualified individual.

27. Defendant violated the ADEA intentionally and/or with malice or reckless indifference to Mittel's federally protected rights.

28. As a direct and proximate result of Defendant's discriminatory conduct, Mittel has suffered pecuniary losses and financial damages in lost wages, lost benefits, and has suffered emotional distress and suffering.

WHEREFORE, Plaintiff, Kathleen Mittel, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, County of Cook d/b/a Cook County Medical Examiner, and grant the Plaintiff the following relief:

(a) Injunctive relief requiring Defendant to promote Plaintiff to a Toxicologist IV or a position that is reasonably equivalent or any other such position deemed just and equitable, or in the alternative, awarding Plaintiff front pay in an amount to be determined by the trier of fact;

(b) Back Pay in an amount to be determined by the trier of fact;

(c) Compensatory and punitive damages for Plaintiff's emotional distress resulting from Defendant's unlawful actions to be determined by the trier of fact;

(d) Liquidated damages under the ADEA for Defendant's willful conduct;

(e) Reasonable and necessary attorneys fees and costs as required by applicable law; and

(f) An award for court costs, prejudgment and post judgment interest as allowed by law, expert witness fees and expenses, and other relief to which Plaintiff may show herself to be justly entitled.

## COUNT II

### FAILURE TO PROMOTE/SELECT – IHRA, 775 ILCS § 5/2-102

29. Plaintiff restates and incorporates paragraphs 1 through 28 as though fully set forth as paragraphs 1 through 28 herein.

30. Defendant discriminated against Mittel based on her age and treated Mittel differently from similarly situated younger individuals in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS § 102, *et. seq.*, by failing to select and promote Mittel to the position of Toxicologist IV and instead selecting a younger and less qualified individual.

31. As a direct and proximate result of Defendant's discriminatory conduct, Mittel has suffered pecuniary losses and financial damages in lost wages, lost benefits, and has suffered emotional distress and suffering.

WHEREFORE, Plaintiff, Kathleen Mittel, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, County of Cook d/b/a Cook County Medical Examiner, and grant the Plaintiff the following relief:

(a) Injunctive relief requiring Defendant to promote Plaintiff to a Toxicologist IV or a position that is reasonably equivalent or any other such position deemed just and equitable, or in the alternative, awarding Plaintiff front pay in an amount to be determined by the trier of fact;

(b) Back Pay in an amount to be determined by the trier of fact;

(c) Compensatory and punitive damages for Plaintiff's emotional distress resulting from Defendant's unlawful actions to be determined by the trier of fact;

(d) Reasonable and necessary attorneys fees and costs as required by applicable law; and

(e) An award for court costs, prejudgment and post judgment interest as allowed by law, expert witness fees and expenses, and other relief to which Plaintiff may show herself to be justly entitled.

## COUNT III

### RETALIATORY SUSPENSION – ADEA, 29 U.S.C. § 623(d)

32. Plaintiff restates and incorporates paragraphs 1 through 31 as though fully set forth as paragraphs 1 through 31 herein.

33. Between October 2008 and January 2010, Mittel performed the duties of a Toxicologist V, a Toxicologist IV and a Toxicologist II. The positions of Toxicologist V and Toxicologist IV are paid a higher wage than the position of Toxicologist II.

34. During the entire time between October 2008 and January 2010, Mittel was paid a wage at the rate of a Toxicologist II.

35. On October 20, 2009, Mittel's union filed a grievance on her behalf demanding that Mittel be compensated for performing the duties of a Toxicologist IV and Toxicologist V. While performing these duties from in or about October 2008 through January 2010, Mittel was still compensated at the level of a Toxicologist II.

36. Mittel engaged in protected activity when her union grievance was filed opposing the Defendant's pay practices as discriminatory.

37. Without her knowledge or consent, Mittel's union grievance was either withdrawn or dismissed.

38. Shortly after her grievance was filed, in or about January 2010, Mittel was unjustifiably suspended for allegedly falsifying a timesheet and for insubordination by her supervisor, William Taylor, with the support of Dr. Nancy Jones. Mittel was suspended for 15 days without pay.

39. Mittel filed another grievance and the disciplinary action related to falsification of timesheets was overturned and Mittel was compensated for five (5) days for the unjustfied suspension. However, the suspension for the alleged insubordination was affirmed and Mittel remained suspended for ten (10) days without pay.

40. Defendant's suspension of Mittel for fifteen (15) days and the ten (10) day suspension without pay was without merit. Mittel was not insubordinate. Rather, the suspension was issued in retaliation for Mittel engaging in protected activity by filing a union grievance opposing Defendant's pay practices.

41. The suspension occurred shortly after Mittel's union grievance was filed giving rise to an inference of retaliatory motivation in violation of the ADEA, 29 U.S.C. § 623(d).

- 9 -

42. As a direct and proximate result of Defendant's retaliatory conduct, Mittel has suffered pecuniary losses and financial damages in lost wages, lost benefits, and has suffered emotional distress and suffering.

WHEREFORE, Plaintiff, Kathleen Mittel, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, County of Cook d/b/a Cook County Medical Examiner, on Count III of her Complaint and grant the Plaintiff the following relief:

(a) Injunctive relief requiring Defendant to remove and expunge any record of the retaliatory suspension from all employment records and files;

(b) Back Pay for the ten (10) day suspension in an amount to be determined by the trier of fact;

(c) Compensatory and punitive damages for Plaintiff's emotional distress resulting from Defendant's unlawful actions to be determined by the trier of fact;

(d) Reasonable and necessary attorneys fees and costs as required by applicable law; and

(e) An award for court costs, prejudgment and post judgment interest as allowed by law, expert witness fees and expenses, and other relief to which Plaintiff may show herself to be justly entitled.

## COUNT IV

### RETALIATORY SUSPENSION – IHRA, 775 ILCS 5/6-101

43. Plaintiff restates and incorporates paragraphs 1 through 42 as though fully set forth as paragraphs 1 through 42 herein.

44. Shortly after her grievance was filed, in or about January 2010, Mittel was unjustifiably suspended for allegedly falsifying a timesheet and for insubordination by her supervisor, William Taylor, with the support of Dr. Nancy Jones. Mittel was suspended for 15 days without pay.

44. On October 20, 2009, Mittel's union filed a grievance on her behalf demanding that Mittel be compensated for performing the duties of a Toxicologist IV and Toxicologist V. While performing these duties from in or about October 2008 through January 2010, Mittel was still compensated at the level of a Toxicologist II.

45. Mittel engaged in protected activity when her union grievance was filed opposing the Defendant's pay practices as discriminatory.

46. Shortly after her grievance was filed, in or about January 2010, Mittel was unjustifiably suspended for allegedly falsifying a timesheet and for insubordination by her supervisor, William Taylor, with the support of Dr. Nancy Jones. Mittel was suspended for 15 days without pay.

47. Defendant's suspension of Mittel for fifteen (15) days and the ten (10) day suspension without pay was without merit. Mittel was not insubordinate. Rather, the suspension was issued in retaliation for Mittel engaging in protected activity by filing a union grievance opposing Defendant's pay practices.

48. The suspension occurred shortly after Mittel's union grievance was filed giving rise to an inference of retaliatory motivation in violation of the ADEA, 29 U.S.C. § 623(d).

49. As a direct and proximate result of Defendant's retaliatory conduct, Mittel has suffered pecuniary losses and financial damages in lost wages, lost benefits, and has suffered emotional distress and suffering.

WHEREFORE, Plaintiff, Kathleen Mittel, respectfully requests that this Honorable Court enter a judgment in her favor and against Defendant, County of Cook d/b/a Cook County Medical Examiner, on Count III of her Complaint and grant the Plaintiff the following relief:

    (a) Injunctive relief requiring Defendant to remove and expunge any record of the retaliatory suspension from all employment records and files;

(b) Back Pay for the ten (10) day suspension in an amount to be determined by the trier of fact;

(c) Compensatory and punitive damages for Plaintiff's emotional distress resulting from Defendant's unlawful actions to be determined by the trier of fact;

(d) Reasonable and necessary attorneys fees and costs as required by applicable law; and

(e) An award for court costs, prejudgment and post judgment interest as allowed by law, expert witness fees and expenses, and other relief to which Plaintiff may show herself to be justly entitled.

## JURY DEMAND

50.     Plaintiff demands a trial by jury of all issues so triable in this action.


Respectfully Submitted,

KATHLEEN MITTEL


By:      /s Ryan A. Haas
         One of Her Attorneys

Ryan A. Haas (ARDC# 6283020)
CHUHAK & TECSON, P.C.
30 S. Wacker Drive
Suite 2600
Chicago, IL 60606
(312) 444-9300